Judge Underwoo'í)
delivered the opinion of the Court.
On the 10th December, 1808, ;i patent issued in the name of Talbot, for 200 acres of land, in virtue of a county court certificate, granted by the Hendeison county court. No. 175, to him. In 1814, *50 the register exposed the certificate claim, No. 175, to sale for the non-payment of the 3d instalment, when the same was purchased by Edrington, who assigned the same to Taylor. The claim under Ed-rington’s purchase not having been redeemed w'ith-in the time prescribed by law, Taylor filed his bill against Talbot, to compel him to surrender the legal title, upon the ground,that the patent had been fraudulently obtained, without paying the state price due on1 land. The fraud charged, consists in substituting the auditor’s quietus, given for the state price, due on, another certificate, No. 388, granted by the same court, to John Ready, and by him assigned to Talbot, and filingthe substitute in the register’s office, whereby the patent was procured. The auditor’s quietus filed with the plat and certificate of survey, in the register’s office, upon which the patent dated 10th December, 1808, was obtained, is in these words:
“Auditor’s Office, December 9th, 1808.
“Received of Edmund Talbot, the treasurer’s receipt, for twenty-seven dollars seventy-six cents, it being tbe balance, and in full, on 200 acres of land, lying in Henderson county, No. 388, granted to him by virtue of an act of assembly, passed, December the 20th, 1800.
“GEO. MADISON, Auditor.”
This quietus on its face when tested by the evidence in this cause, is not literally true. The No. 388, cannot be right, or if it be right, then the statement, that the money was paid in full, on 200 acres of land, lying in Henderson county, granted to Talbot by virtue of an act,&c, is wrong, for no claim of that No. was granted to him. What part of it is to be disregarded ? what part shall be considered as correct? and what part incorrect? The plaintiff in error insists that it shall be regarded as a payment upon the claim of Talbot, assignee of Ready, No. 388, while the defendant contends, that it proves a payment on his own certificate originally granted to him, No. 175.
It is true, that the transcripts of the auditor’s books and the copies of various official receipts, filed as evidence, go far to prove, that the sum of $27 76, *51 was paid on Ready’s certificate; but it is shewn, by the statements of Talbot’s answer*connected with the deposition of Hopkins, and the fact of the patent the next day, that it was his intention, to apply the payment in full, to his own claim. He had a right to apply the money to which claim he pleased .and there are two other considerations very persuasive to shew, that he or his agent, did in fact, apply it to his own claim, No. 175. The first is, that if it had been paid on No. 388, the quietus should have stated it as a payment, on a certificate, granted to Ready. We observe in the receipts filed, and we believe it to be the most usual practice in the audit- or’s office, and we approve it, to state whether payments are made by the person as assignee, having an interest, or merely in the character of agent. The plaintiff’s quietus shews on the face of it, that the money was paid by Mark Hardin. Had such a rule been applied to this case, the quietus would have shewn, that the money was paid by Talbot, as assignee of Ready, or that Ready had made the payment by Talbot or his friend.
The second consideration is, that the patent on Ready’s certificate, did not issue, until the 26th October, 1809. If the money had been paid, or if it had been designed, to pay it on Ready’s certificate, we see no reason why the patent was not obtained, the next day, for that claim, instead of Talbot’s. It may be inferred from the date of the survey on Ready’s certificate, that it had been registered in time for the patent to have issued on it, the day after the payment of the money, if the money had been paid for that claim.
This is a strong circumstance, in support of the application of the money, to the defendant’s certificate in his own name, and if any fraud exists, it is most probable, that it was in filing a substantial duplicate of the first quietus, as evidence of payment on Ready’s certificate, when the patent was obtained upon it. But be this as it may, we see no ground, upon which to charge Talbot with fraud in procuring the patent. His money was paid, his quietus enabled him to get a patent on bis own claim, with as *52 much propriety, if not more, than on Ready’s. He used it for that purpose, and insists that he shall not be divested of a title, which he had perfected many years before Edringtoh purchased.
Monroe and Crittenden, for plaintiff; Denny and Tap bpt, for defendant..
We think Talbot should be sustained in his title; wherefore, the decree is affirmed with costs.